UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ANTHONY EWING,

Plaintiff,

v.     CAUSE NO.: 3:19-CV-553-JD-MGG

ROBERT E. CARTER, JR., et al.,

Defendants.

OPINION AND ORDER

Michael Anthony Ewing, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Ewing alleges that, on April 30, 2019, Officer Timmons and Officer Mix arrived at the Lake County Jail to transport him by vehicle to the Westville Correctional Facility, and they placed him in the vehicle in shackles without a seatbelt. At about 10:00 a.m., while en route, Officer Mix attempted to switch lanes and caused a motor vehicle accident. As a result of the accident, Ewing suffered injuries to his neck, shoulders, back, and knees. At about 10:30 a.m., an unidentified police officer arrived.

Officer Mix exited the vehicle to speak with this police officer while Officer Timmons was on a telephone call with staff at the Westville Correctional Facility. None of the three officers asked Ewing if he needed medical attention. After the police officer completed his report, the correctional officers transported Ewing to the Westville Correctional Facility and, upon arrival, immediately took Ewing to the medical unit. Since that time, though Ewing has seen Dr. Jackson, he has received inadequate treatment for his injuries. He seeks money damages.

Ewing asserts an Eighth Amendment claim of deliberate indifference against Officer Mix and Officer Timmons for the conditions of his transportation from the Lake County Jail to the Westville Correctional Facility. To state a valid claim under Section 1983, plaintiffs generally cannot rely on allegations of negligent conduct. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Rather, plaintiffs must allege that "[a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). With respect to motor vehicle accidents, a plaintiff must show that "the official knew an accident was imminent but consciously and culpably refused to prevent it." *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). The complaint provides no indication that Officer Mix or Officer Timmons had any knowledge that an accident was imminent. Moreover, even if these officer placed him in the vehicle in shackles without a seatbelt, these conditions did not pose a substantial risk of serious harm to Ewing's safety. *See Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (suggesting that substantial risks are "risks so great that they are almost certain to materialize if nothing is done"); *Cobian v. McLaughlin*, 2017 WL

5565239, at *4 (7th Cir. 2017) (same). Therefore, Ewing may not proceed on an Eighth Amendment claim against Officer Mix or Officer Timmons for the conditions of his transportation.

Ewing asserts an Eighth Amendment claim of deliberate indifference against Officer Mix and Officer Timmons for failing to arrange more immediate medical care for Ewing. He also asserts an Eighth Amendment claim against Dr. Jackson for failing to adequately treat his injures from the motor vehicle accident. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Ewing states a plausible Eighth Amendment claim of deliberate indifference against Officer Mix, Officer Timmons, and Dr. Jackson.

Ewing further asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against Wexford. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

3

Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Because Ewing does not describe a policy or practice that caused inadequate treatment for his injuries, he cannot proceed against Wexford.

Ewing also lists the Indiana Department of Correction, Robert E. Carter, Jr., Mark Sevier, and an unidentified police officer as defendants. The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). However, the unidentified police officer is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Further, though Ewing lists Carter and Sevier as defendants, he does not mention them in the narrative portion of the complaint. "[L]iability depends on each defendant's knowledge and actions, not

on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Ewing does not describe how these defendants were personally involved with his claim, he cannot proceed against them.

For these reasons, the court:

(1) GRANTS Michael Anthony Ewing leave to proceed on an Eighth Amendment claim for money damages against Officer Mix and Officer Timmons for acting with deliberate indifference to serious medical needs by failing to obtain more immediate medical care for him after the motor vehicle accident on April 30, 2019;

(2) GRANTS Michael Anthony Ewing leave to proceed on an Eighth Amendment claim for money damages against Dr. Jackson for acting with deliberate indifference to serious medical needs by providing inadequate treatment for the injures caused by the motor vehicle accident;

(3) DISMISSES Robert E. Carter, Jr., the Indiana Department of Correction, Mark Sevier, Wexford, and the John Doe police officer;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Mix, Officer Timmons, and Dr. Jackson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Mix, Officer Timmons, and Dr. Jackson to respond, as provided for in the Federal Rules of Civil Procedure and

N.D. Ind. L.R. 10-1(b), only to the claims for which Michael Anthony Ewing, has been granted leave to proceed in this screening order.

SO ORDERED on July 26, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT